IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **Rachelle Zanders, Robertha Larmouth, Michelle Strawman, Mercy Issa, and Employees Similarly Situated to Them,**<br><br>Plaintiffs,<br><br>v.<br><br>**Wells Fargo Bank, National Association d/b/a Wells Fargo Home Mortgage, Keth Malone and Brian Freese, in Their Individual and Corporate Capacities,**<br><br>Defendants. | **Case No.  4:14-cv-288**<br><br><br>**Defendants' Brief in Support of Their Pre-Answer Motion for Partial Dismissal** |

Defendants Wells Fargo Bank, N.A., Keth Malone, and Brian Freese (collectively "Defendants"), by and through their attorneys, Faegre Baker Daniels LLP, and pursuant to Federal Rule of Civil Procedure 12, state as follows for their Brief in Support of Their Pre-Answer Motion for Partial Dismissal:

## Table of Contents

Page

Introduction..........................................................................................................................2

Motion to Dismiss Standard ...............................................................................................3

Argument .............................................................................................................................4

    I.  Plaintiffs Failed to Allege Plausible Claims Under Iowa Code Chapter 91A .............4

        a.  The FLSA preempts Plaintiffs' IWPCL claim asserted in Count I of the Amended Petition.....................................................................................................................5

        b.  Plaintiffs do not allege any facts showing that Defendants Malone or Freese may be individually liable under the IWPCL...................................................................8

II.  Plaintiffs Have Not Alleged Any Facts Plausibly Suggesting "Similarly Situated"
Employees Are Entitled to Relief ............................................................................ 10

Conclusion ...................................................................................................................... 15

## Introduction

Plaintiffs, three home preservation specialists based in central Iowa, allege that they performed uncompensated "off-the-clock" work because two local supervisors assigned them workloads that could not be completed in a 40-hour workweek.  Based on that insular allegation, these employees assert claims for time "not compensated" under the Iowa Wage Payment Collection Law, Iowa Code Chapter 91A ("IWPCL"), and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), on behalf of themselves and an undefined number of purportedly "similarly situated" current and former employees of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") across the country.  These allegations cannot sustain a claim under Iowa law, much less plausibly support any claim for nation-wide relief.

There is no such thing as a claim for "not compensated" time under the IWPCL.  And, Plaintiffs' Amended Petition makes clear they simply are bootstrapping an IWPCL claim to alleged FLSA violations, a practice that numerous courts dismissed as improper and preempted by the enforcement scheme Congress adopted when it passed the FLSA.  Moreover, even putting these deficiencies aside, Plaintiffs' Amended Petition on its face alleges no facts supporting their assertions that Defendants Keth Malone ("Malone") and Brian Freese ("Freese") are individually liable under the IWPCL.   Nor have Plaintiffs alleged facts showing that purportedly "similarly situated employees" are also entitled to relief under the IWPCL or FLSA.

Offering nothing more than bald assertions that potentially thousands of unidentified current and former employees did not receive overtime compensation for performing un-alleged work tasks, pursuant to a purported but unspecified company-wide policy or practice of requiring employees to work off-the-clock, Plaintiffs' Amended Petition gives no fair notice of the claims they seek to bring on behalf of others.  The Court should therefore dismiss Plaintiffs' IWPCL claims and their claims on behalf of "similarly situated employees" in their entirety.[1]

## Motion to Dismiss Standard

"'[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.'" *Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 860 (S.D. Iowa 2007) (quoting *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)).  When considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true, even if doubtful.  *Wineland v. Casey's Gen. Stores, Inc.*, 554 F. Supp. 2d 915, 918 (S.D. Iowa 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 918 (2007)).

In this Circuit, motions pursuant to Rule 12(b)(6) long have been recognized as an advantageous means by which to dispose of legal issues with a minimum of time and expense to the interested parties.  *See Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968, 973

---

[1] Thus, and as explained more fully in Defendants' accompanying Pre-Answer Motion for Partial Dismissal, Defendants respectfully request the Court dismiss all of Count I of the Amended Petition.  If the Court does not dismiss all of Count I, Defendants request the Court dismiss the claims in Count I as to Malone and Freese, along with the Count I claims asserted on behalf of "similarly situated employees."  Defendants also request the Court dismiss the claims asserted on behalf of "similarly situated employees" in Count II.  At this time, Defendants do not seek dismissal of Plaintiffs' individual FLSA claims asserted in Count II.

(8th Cir. 1968).   Thus, where a party asserts a claim not recognized under applicable law, when the claim is barred on legal grounds, or if the party has not alleged sufficient facts to establish all requisite elements of a claim, dismissal under Rule 12(b)(6) is appropriate.

## Argument

### I.      Plaintiffs Failed to Allege Plausible Claims Under Iowa Code Chapter 91A

Plaintiffs' Amended Petition asserts Plaintiffs were paid on an hourly basis and usually scheduled to work 40 hours per week.  *See* Amended Petition, Court Document No. 1-1, at ¶ 15-16.  Notwithstanding, they claim they were required by their managers, Malone and Freese, "to assume workloads that could not reasonably be performed within a forty hour work week."  *Id*. at ¶ 17.  Plaintiffs further claim that they "were instructed"—by whom they do not say—"that they could not work overtime" and were "criticized" if they did so.  *Id*. at ¶ 18.  Plaintiffs allege, as a result, they "worked between 50 and 60 hours or more but only recorded forty hours of work."  *Id*. at ¶ 21.

They claim Wells Fargo supervisors and/or managers, including Defendants Malone and Freese, knew they were working in excess of 40 hours per week.  *Id*. at ¶ 20.  In addition, Plaintiffs claim they "were not compensated for all the time they worked" for Wells Fargo. *Id*. at ¶ 22.

Plaintiffs' allegations fail to state a claim for relief under the IWPCL because the FLSA preempts Plaintiffs' IWPCL claims and, regardless, Plaintiffs' pleadings do not support that Defendants Malone or Freese may be individually liable under the IWPCL. Accordingly, Count I in the Amended Petition should be dismissed in its entirety and with prejudice.

a.    **The FLSA preempts Plaintiffs' IWPCL claim asserted in Count I of the Amended Petition**

Plaintiffs' IWPCL claim is irreparably flawed because the FLSA preempts it.  The IWPCL is a statute that governs the *timing* of wage payments.  *See* Iowa Code § 91A.3.  It creates no rights—and thus has no applicability—regarding when wages are earned or in calculating whether they are sufficient.  *See id.*  Rather, "[t]he specific amount of 'wages due' to employees under the IWPCL must be provided by something other than the IWPCL." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 884 n.9 (N.D. Iowa 2008); *see also Runyon v. Kubota Tractor Corp.*, 653 N.W.2d 582, 585 (Iowa 2002) (explaining the IWPCL's purpose is to facilitate collection of wages). But Plaintiffs never say what that "something other" is; instead, they allege only they are entitled to "not compensated" time. Amended Petition, at ¶ 22, Court Document No. 1-1.  Revealingly, they do not incorporate their FLSA allegations into their IWPCL claims.  And they fail to identify any other source—such as an employment agreement or other state or federal law— that would provide them with a basis for recovery under the IWPCL.  *See id.*

But Plaintiffs' failure to cite the FLSA—or anything else—as the source of their IWPCL claims cannot obscure the fact they rely on *exactly* the same allegations to support their IWPCL and FLSA claims.  *See* Amended Petition, at ¶¶ 17-21, 25, 30-31, Court Document No. 1-1.  Courts have repeatedly evaluated—and dismissed— such state law claims that are entirely duplicative of and dependent upon FLSA claims under the "conflict preemption" doctrine.  *See, e.g.*, *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192-93 (4th Cir. 2007).

Under that doctrine, preemption occurs when "a party's compliance with both federal and state law would be impossible or where state law would pose an obstacle to the

accomplishment of congressional objectives." *In re Aurora Dairy Corp. Organic Milk Marketing & Sales Practices Litig.*, 621 F.3d 781, 794 (8th Cir. 2010) (quotations omitted). The Eighth Circuit has not addressed how this standard applies to the FLSA.  But the Fourth Circuit and other courts have held that duplicative claims that seek to use state law to extract additional remedies for FLSA violations pose an obstacle to congressional objectives. *Anderson*, 508 F.3d at 194 (collecting cases from across the country).  More specifically, as the *Anderson* court explained, the FLSA preempts state law claims bootstrapped to FLSA violations because any other result would render the FLSA's enforcement scheme "superfluous" by permitting plaintiffs to circumvent the remedies Congress imposed.  *Id.*; *Roman v. Maietta Const., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) (noting "the FLSA is the exclusive remedy for enforcement of rights created under the FLSA" (quotation omitted)).

And duplicative claims under the IWPCL like the ones Plaintiffs assert here are precisely the sort of claims that upset the FLSA's enforcement structure.  *See Anderson*, 508 F.3d at 193 (holding the FLSA preempted state claims in case in which plaintiffs did not contend any separate state law "entitle[d] them to unpaid wages").  Thus, in *Mould v. NJG Fodo Serv., Inc.*, No. JKB-13-1305, 2014 WL 1430696 (D. Md. Apr. 11, 2014), the court held the plaintiffs' claims that their employer had violated a similar state Wage Payment and Collection Law by failing to pay them overtime they claimed they were due under the FLSA were preempted.  *Id.* at *2-3.  Plaintiffs could not, the court reasoned, use a "[state wage collection statute] to enlarge the available remedy for FLSA violations.'"  *Id.* at *3 (quoting *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 671 (D. Md. 2011)).

Courts in this circuit have similarly concluded that federal law preempts claims that rely on FLSA violations to trigger additional remedies under state law.  *See Roble v.*

*Celestica Corp.*, No. 06-2934, 2006 WL 3858396, at *3 (D. Minn. Dec. 29, 2006) (noting the court would dismiss duplicative state claims as superseded by the FLSA, but finding plaintiffs had alleged enough facts suggesting their claims were not duplicative to survive a motion to dismiss).  Indeed, it is Plaintiffs' failure to allege any independent facts supporting their IWPCL claims that distinguishes this case from cases in which courts have found the FLSA did not preempt state law claims.  For example, in *Osby v. Citigroup, Inc.*, 07-cv-06085-NKL, 2008 WL 2074102 (W.D. Mo. May 14, 2008), the court, while recognizing that "state law claims sharing core facts with FLSA claims may be preempted," declined to grant a motion for judgment on the pleadings because the plaintiffs asserted that their state claims did "not depend on establishing that [defendant] violated the FLSA." *Id.* at *2.  Plaintiffs have made no such claim here.

One court has—despite acknowledging the "plethora of cases holding that the FLSA preempts duplicative state law claims"—declined to dismiss a duplicative IWPCL claim on preemption grounds. *Bouaphakeo*, 564 F. Supp. 2d at 884-86.  It did so, however, relying primarily upon the FLSA's "savings clause." *Id.* at 884 (citing 29 U.S.C. § 218(a)).  That reliance was misplaced because the FLSA's savings clause permits states to enact substantive minimum wage and overtime requirements that are more restrictive than those provided in the FLSA.  *See* 29 U.S.C. § 218(a).  It does not permit a plaintiff to rely on a statute, like the IWPCL, that "only regulate[s] when wages due must be paid to [an] employee" to seek remedies that "are more generous than those available under the FLSA." *Wood v. Trivita, Inc.*, No. CV-08-0765-PHX-SRB, 2008 WL 6566637, at *3-4 (D. Ariz. Sept. 18, 2008) (noting that although the FLSA's "'savings clause' allows states to raise the minimum wage or set a lower maximum work week, overtime claims that are directly covered by the FLSA

7

must be brought under the FLSA"); *see also Mould*, 2014 WL 1430696 at *2-3 & n. 3 (explaining that while the FLSA preempted the wage payment collection law, it did not preempt claims under the state's overtime law).  In any event, the *Tyson Foods* court itself noted that its decision was contrary to the holdings of "nearly every court to consider the issue," which recognize "that state law claims that merely duplicate or depend on the FLSA are preempted by federal law."  564 F. Supp. 2d at 886 (noting also that "this case may be a first in holding that the FLSA does not preempt a *duplicative* state law claim").

Plaintiffs' IWPCL claims are, at most, "nothing more than additional legal theories to recover damages stemming from . . . alleged wage and hour claims" that "would upset the balance established by Congress in enacting the [FLSA]."  *Flores v. Albertson's, Inc.*, No. CV 01-0515 PA(SHX), 2003 WL 24216269, at *5 (C.D. Cal. Dec. 9, 2003).  For this reason, the Court should dismiss them with prejudice.

### b.    Plaintiffs do not allege any facts showing that Defendants Malone or Freese may be individually liable under the IWPCL

Even if this Court allows Plaintiffs to proceed with their claims under the IWPCL, those claims should be dismissed as against Defendants Malone and Freese.  The IWPCL provides for the liability of an individual when that individual is an "employer" from whom "wages" are due to an employee.  *See* Iowa Code § 91A.2(4) (defining the term "employer" as "a person . . . who in this state employs for wages a natural person "); *see also id.* § 91A.3.  However, the IWPCL provides no basis for individual liability of supervising employees when those prerequisites are not satisfied.

In *Dietrich v. Liberty Square, LLC*, No. C 05-2037-EJM, 2006 WL 1876989 (N.D. Iowa July 6, 2006), on a motion to dismiss treated as a summary judgment motion, a defendant argued that the FLSA and IWPCL apply to employers only, and that it was not the

plaintiffs' employer.  *Id*.  As such, the court was tasked with defining the parameters of the

term "employer," as used in section 91A.  The *Liberty Square* court distinguished the

definition of "employer" found in section 91A—"a person . . . who . . . employs for wages a

natural person"—from the more expansive definition of "employer" found in the FLSA—

"any person acting directly or indirectly in the interest of an employer in relation to an

employee."  *Id*. at *1 (internal citations omitted).

With regard to the FLSA count, the court found there was a disputed issue of fact as

to whether the moving defendant was the plaintiffs' employer.  *Id*. at *2.  However,

concerning the count brought under section 91A, the court found as follows:  "The language

of the Iowa Wage Payment Collection Law is more restrictive than the FLSA . . . .  Upon this

record and in light of the applicable standards, it is the court's view that American

Healthcare neither pays wages to plaintiffs, nor 'employs' plaintiffs. . . ."  *Id*. (citing *Runyon

v. Kubota Tractor Corp.*, 653 N.W.2d 582, 585-86 (Iowa 2002) (noting the word "employ" is

not defined in section 91A, and using its ordinary meaning to discern legislative

intent)).  Accordingly, the moving defendant's dismissal motion was granted with respect to

the plaintiffs' claim under the IWPCL.

In the instant case, Count I in Plaintiffs' Amended Petition fails to provide any basis

upon which Defendants Freese or Malone could be liable.  *See* Amended Petition, Court

Document No. 1-1.  First, the Plaintiffs do not assert that Freese or Malone employs

anybody, or that Plaintiffs were employees of either Freese or Malone.  *Id*.  Rather, Plaintiffs

allege only that "Defendant Wells Fargo is an 'employer' within the meaning of Iowa Code

Chapter 91A," and that they were "employed by Defendant Wells Fargo."  *Id*. at ¶¶ 12,

14.  In addition, Plaintiffs do not—and cannot—contend that Freese or Malone paid or failed

to pay them any wages.  *See id*.  Instead, they assert only that "Defendant Wells Fargo compensated Plaintiffs, and other similarly situated employees, on an hourly basis." *Id*. at ¶ 15.

Plaintiffs make few allegations regarding Defendants Freese and Malone.  They claim that Freese and Malone assigned workloads that could not reasonably be performed within a 40-hour work week, and that Freese and Malone knew the Plaintiffs were working in excess of 40 hours per week.  *Id*. at ¶¶ 17, 20.  Those assertions may be sufficient to support that Freese and Malone had supervisory or managerial responsibilities with respect to Plaintiffs; however, they do not support individual liability under the IWPCL because they do not show that Freese or Malone was Plaintiffs' "employer," or that either of them was obligated to pay wages to Plaintiffs.

As such, at the very least, Count I in the Amended Petition should be dismissed as against Defendants Freese and Malone.

## II.     Plaintiffs Have Not Alleged Any Facts Plausibly Suggesting "Similarly Situated" Employees Are Entitled to Relief

Plaintiffs' allegations on behalf of "similarly situated employees" also fail to state a plausible claim for relief.  As an initial matter, there are no allegations in the Amended Petition asking the Court to certify a FLSA collective action or an IWPCL class action.  *See* Amended Petition, Court Document 1-1.  Nor have Plaintiffs pled any of the necessary elements for a class action pursuant to Rule 23.  *Id.*  Plaintiffs' failure to plead any facts supporting class or collective action certification alone deprives Defendants of fair notice of those claims and alone warrants their dismissal.  *See* Fed. R. Civ. P. 23(c) (presuming that plaintiffs will include class allegations in the complaint by requiring the court to rule on class certification at an "early practicable time after a person sues or is sued as a class

representative"); *see also Cornette v. Jenny Garton Ins. Agency, Inc.*, No. 2:10-cv-60, 2010 WL 2196533, at *2-3 (N.D. W. Va. May 27, 2010) (granting motion to strike class allegations "because the requirements of Rule 23(a) are not satisfied on the face of the Complaint").

Regardless, even if Plaintiffs had requested that the Court certify a class or collective action, their claims would still fail. Plaintiffs allege that the "similarly situated employees" on whose behalf they seek relief include "*all* current and former employees of Defendant Wells Fargo who were subject to a policy or practice of having to work 'off-the-clock' to avoid the payment of wages and/or overtime." Amended Petition, at ¶ 10, Court Document No. 1-1 (emphasis added). But "where a plaintiff brings an FLSA claim 'for and [o]n behalf of himself . . . and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102-1103 (S.D. Iowa 2008) (quoting *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007)).

Plaintiffs have not met this burden. The Amended Petition advances no factual allegations suggesting that Plaintiffs are similarly situated to all[2] of the current and former Wells Fargo employees on whose behalf they seek relief. *See generally Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) (explaining that simply alleging other employees are "similarly situated" states no plausible claim for relief because the "phrase is a legal conclusion and, absent some factual elaboration, is insufficient to satisfy *Twombly's* and *Iqbal's* pleading bar").

---

[2] Plaintiffs do assert that certain "other similarly situated employees" had the same job title and worked "off-the-clock" for the same reasons as them, (Amended Petition, at ¶¶ 14, 20-21, Court Document No. 1-1), but their claims plainly extend well beyond this subset of employees. *Id.* at ¶ 10 (asserting claims on behalf of *all* current and former employees).

Nor are there any facts in the Amended Petition that permit a plausible inference of any similarity throughout the Plaintiffs' putative class.  Rather, Plaintiffs' definition of "similarly situated employees" lumps together every current and former Wells Fargo employee, without regard to job title, job duties, location, department, pay provisions, or period of employment, who were subject to an unidentified "policy or practice of having to work 'off-the-clock'" whether or not Malone or Freese supervised them.  *See* Amended Petition, at ¶ 10, Court Document No. 1-1.  Such aimless allegations do not state a claim for relief on behalf of "similarly situated employees."  *See, e.g.*, *St. Croix v. Genentech, Inc.*, No. 8:12–cv–891–T–33EAJ, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012) (dismissing collective action allegations because plaintiff provided only her job title and did not provide any "description of the job duties (or even the job titles) of the alleged similarly situated employees"); *Landry v. Peter Pan Bus Lines, Inc.*, No. 09–11012–RWZ, 2009 WL 9417053, at *1 (D. Mass. Nov. 20, 2009) (dismissing claims asserted on behalf of "an unspecified number of individuals, working in unspecified jobs, at unspecified places").

This is more than a mere technical failure to comply with the pleading rules.  Plaintiffs' failure to describe the alleged similarly situated employees prevents Defendants from identifying the putative class or responding to the allegations at the most basic level. Indeed, Plaintiffs fail to identify any practice or policy common to the class.  Thus, while they rest their own claims on the singular allegation that Malone and Freese gave them "workloads that could not reasonably be performed within a forty hour work week" that required them to "work 'off-the-clock,'" their definition of "similarly situated employees" includes persons who were subject to "*a* policy or practice of working off the clock." Amended Petition, at ¶¶ 10, 17, 19, Court Document No. 1-1 (emphasis added).  This effort

12

to predicate claims of apparent national scope on policies and practices Plaintiffs do not

identify—and seem to only presume exist—cannot push their claims on behalf of similarly

situated employees across the line that divides "'possibility and plausibility of 'entitlement to

relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557);

*Zhong*, 498 F. Supp. 2d at 631 (dismissing claims brought on behalf of "other similarly

situated" employees because the complaint made "no reference . . . to a policy to which other

employees are subject, nor to any company policy at all"); *Creech v. Holiday CVS, LLC*, No.

CIV.A. 11-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) ("A mere

allegation of a 'systematic scheme' [to violate wage and hour laws] does not satisfy the

plausibility standard required in order to survive a 12(b)(6) motion to dismiss."); *Landry*,

2009 WL 9417053 at *1 (dismissing collective action claims predicated on "an unspecified

policy or practice . . . resulting in an underpayment of wages in violation of the FLSA").

Indeed, this failure is all the more pronounced because Plaintiffs' principal

allegation—that some employees had to work "off-the-clock" because of their workloads

(Amended Petition, at ¶ 19, Court Document No. 1-1)—itself cannot support a plausible

inference of commonality.  To the contrary, "[t]he distinction between a compensation

system that structurally results in unpaid overtime as opposed to one that pressures some

plaintiffs to work off the clock is significant, because the extent to which plaintiffs worked

off the clock—and whether such work even occurred—varies materially among the class."

*Briggins v. Elwood TRI, Inc.*, 882 F. Supp. 2d 1256, 1258 (N.D. Ala. 2012); *see also Griffith*

*v. Wells Fargo Bank, N.A.*, No. 4:11-CV-1440, 2012 WL 3985093, at *5 (S.D. Tex. Sept. 12,

2012) (holding claim that plaintiffs were under so much "pressure to perform efficiently that

they fe[lt] compelled to work overtime without seeking compensation for any additional

hours" was insufficient to show that plaintiffs were subject to a "uniform, or even a similar, policy of unlawful pressure against overtime reporting").

There are no factual allegations in the Amended Petition permitting any plausible inference that could overcome the dissimilarity inherent in Plaintiffs' theory for nation-wide relief. A motion to dismiss is the proper means by which to check Plaintiffs' boundless allegations. As another court recently held,

> To survive a motion to dismiss, a plaintiff must give the defendant fair notice of the putative class. No evidence is required. The plaintiff's reward for surviving a motion to dismiss is discovery. Moreover, 'counsel may have some incentive to keep the claims unspecific to achieve the largest possible class'; the motion to dismiss is a defendant's shield against this danger.

*Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013) (granting motion to dismiss collective action allegations).

Plaintiffs' allegations on behalf of similarly situated employees reduce to nothing more than barebones assertions that various unidentified and unidentifiable current and former employees across the country were not properly paid for "off-the-clock" time pursuant to a practice or policy that Plaintiffs do not even concretely allege exists. This does not give fair notice of any claim, much less justify permitting this case to proceed to class discovery. *See Hodczak v. Latrobe Specialty Steel Co.*, No. 08-649, 2009 WL 911311, at *9 (W.D. Pa. Mar. 31, 2009) (explaining, in the context of a collective action, that the need for discovery to identify potential class members "does not relieve plaintiffs of their obligation of filing a properly pled complaint in the first instance demonstrating that they are entitled to that discovery"). The Court should therefore dismiss Plaintiffs' claims for relief on behalf of similarly situated employees.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court grant in full their Motion for Partial Dismissal.

Dated:  July 25, 2014.         **FAEGRE BAKER DANIELS LLP**

                                 /s/ Michael A. Giudicessi
                                 Michael A. Giudicessi, *Lead Counsel*
                                  *michael.giudicessi@faegrebd.com*
                                 Karin A. Johnson
                                  *karin.johnson@faegrebd.com*
                                  801 Grand Avenue, 33rd Floor
                                  Des Moines, Iowa 50309-8011
                                  Telephone: (515) 248-9000
                                  Facsimile: (515) 248-9010

                                  **ATTORNEYS FOR DEFENDANTS**

## Certificate of Service

The undersigned hereby certifies that a true copy of the foregoing **Defendants' Brief in Support of Their Pre-Answer Motion for Partial Dismissal** was served upon the Plaintiffs through the Court's CM/ECF filing system on the 25th day of July, 2014.

                                  /s/ Trisha Richey

Copy to:

Mark D. Sherinian
 *sherinianlaw@msn.com*
Melissa C. Hasso
 *melissah_sherinianlaw@msn.com*

*Attorneys for Plaintiffs*

US.54570371.04